# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW LAWRENCE GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV558 HEA |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Matthew Gibson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and several other federal statutes against all fifty states in the Union and the District of Columbia. Plaintiff purports to bring this action for a class of Americans that includes "prisoners, communities afflicted by illicit drugs and crime, low-income communities, home owners, and tax payers." Plaintiff broadly alleges that the states have negligently mishandled tax dollars, resulting "in the inefficient and ineffective protection of citizens' rights and properties." Plaintiff believes that the states' poor administration has led to the over-incarceration of Americans, increased drug use, poor banking practices, and most of society's other ills. Plaintiff seeks injunctive relief.

## Discussion

Plaintiff may not bring a class action in this Court. He may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

Plaintiff has not alleged that he has suffered a particular or discrete violation of his constitutional rights by a named state official. As a result, the complaint fails to state a claim under § 1983.

The other federal statutes plaintiff references in the complaint do not provide him with a private cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of April, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE